IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFFORD J. KAROLSKI**, | : CIVIL ACTION NO. 1:23-CV-1960 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **L. HARRY**, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Clifford J. Karolski, a prisoner in Forest State Correctional Institution ("SCI-Forest"), alleges that employees of Camp Hill State Correctional Institution ("SCI-Camp Hill") violated his civil rights in an unspecified manner. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice for failure to state a claim upon which relief may be granted. Karolski will be granted leave to file an amended complaint.

**I.  Factual Background & Procedural History**

Karolski filed his complaint on November 28, 2023. (Doc. 1). The complaint names seven defendants and provides the following statement of facts:

> I was harassed and retaliated against on multiple occasions by the Defendants who caused Plaintiff inmate abuse both physical and psychological under DOC policy (DC-ADM 001). [A]nd Plaintiff was subject[ed] to the Prison Rape Elimination Act by all named Defendants under DOC policy (DC-ADM 008). [A]nd Plaintiff was also denied his meals by the defendants per DOC policy (DC-ADM 610) and denied access to grooming materials under DOC policy (DC-ADM 807) and (DC-ADM 815). Along with theft of private property, destruction of USPS and other mail, falsification on government forms, etc.

(Id. at 5). The complaint asserts claims for violation of the First, Eighth, and Fourteenth Amendments and requests damages, injunctive relief, and declaratory relief. (Id. at 6).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

2

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

Having reviewed Karolski's complaint, we will dismiss it without prejudice because it does not contain sufficient factual allegations to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 8.  To survive dismissal under Rule 8, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.  Although the court must accept factual allegations as true for the purpose of determining whether a complaint satisfies Rule 8's pleading requirements, this requirement does not apply to legal conclusions.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy Rule 8's pleading requirements.  Id.

Karolski's complaint does not contain any nonconclusory factual allegations that are entitled to the assumption of truth.  The complaint alleges in conclusory fashion that defendants committed harassment, retaliation, physical and psychological abuse, denial of meals, denial of grooming materials, theft, destruction of mail, and falsification of documents against Karolski, but does not allege any facts in support of these conclusory assertions.  (See Doc. 1).  The complaint accordingly fails to state a claim upon which relief may be granted

3

because it does not contain "sufficient factual matter" to show that Karolski has a plausible claim for relief against defendants. Iqbal, 556 U.S. at 678.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). Leave to amend is appropriate here because Karolski's claims are factually, rather than legally, deficient.

**IV.    Conclusion**

We will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Karolski will be granted leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    December 11, 2023