## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD J. KAROLSKI,** | : | **No. 1:23-CV-01960** |
| **Plaintiff** | : | |
| | : | **Judge Conner** |
| **v.** | : | |
| | : | |
| **UNIT MANAGER RITCHIE, C.O.** | : | **Electronically Filed Document** |
| **GRIGAS, C.O. GELSINGER, C.O.** | : | *Complaint Filed 11/28/23* |
| **SHIFFER** *and* **SGT. SWARIGIN,** | : | |
| **Defendants** | : | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**


By:    *s/ Francis H. Pryzbylkowski*
               **FRANCIS H. PRYZBYLKOWSKI**
**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID #329644**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**
               **NICOLE R. DITOMO**
               **Chief Deputy Attorney General**
**fpryzbylkowski@attorneygeneral.gov**   **Civil Litigation Section**

**Date:   April 22, 2024**           *Counsel for Defendants*

# **TABLE OF CONTENTS**

Brief in Support of Motion to Dismiss ........................................................................i

Table of Contents .......................................................................................................ii

Table of Authorities ..................................................................................................iii

Brief in support of Motion to Dismiss ......................................................................1

Procedural History .....................................................................................................2

Statement of Allegations ...........................................................................................2

Questions Presented ...................................................................................................5

Argument....................................................................................................................5

   A.  Standard of Review ...........................................................................................5

   B.  The Amended Complaint must be dismissed because it fails to state a claim
   against Defendants. ...........................................................................................7

      1.  Personal Involvement .................................................................................7

      2.  Conditions of Confinement ......................................................................10

      3.  Retaliation.................................................................................................11

   C.  Exhaustion of Administrative Remedies .........................................................14

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Ansley v. Wetzel*,
   No. 1:21-CV-528, 2022 WL 2987896 (M.D. Pa. July 28, 2022) .............................7
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................6
*Associated General Contractors of California v. California State Council of
   Carpenters*,
   459 U.S. 519 (1983) ..........................................................................................6
*Ball v. Struthers*,
   2012 WL 2946785 (M.D. Pa. 2012) .................................................................10
*Bell Atlantic Corp., et al v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................6
*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012) ........................................................................10, 12
*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ..........................................................................................13
*Chinchello v. Fenton*,
   805 F.2d 126 (3d Cir. 1986) ...............................................................................9
*Conklin v. Warrington Tp.*,
   No. 06–2245, 2009 WL 1227950 (M.D. Pa. April 30, 2009) .................................13
*Evancho v. Fisher*,
   423 F.3d 347 (3d Cir. 2005) ...............................................................................5
*Farrell v. Planters Lifesavers Co.*,
   206 F.3d 271 (3d Cir. 2000) .............................................................................14
*Good v. Borough of Steelton*,
   2008 WL 4454058 (M.D. Pa. Sept. 30, 2008) .......................................................5
*Hudson v. McKeesport Police Chief*,
   244 F. App'x 519 (3d Cir. 2007) .........................................................................7
*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ..............................................................................5
*Jones v. Bock*,
   549 U.S. 199 (2007) ........................................................................................15

*Jones v. Wetzel*,
　737 F. App'x 61 (3d Cir. 2018) ...............................................................11

*Kanter v. Barella*,
　489 F.3d 170 (3d Cir. 2007) .....................................................................5

*Kost v. Kozakiewicz*,
　1 F.3d 176 (3d Cir. 1993) .........................................................................8

*Lanza v. Moclock*,
　2020 WL 4574495 (M.D. Pa. Aug. 7, 2020) ...........................................9

*Lauren W. ex rel. Jean W. v. DeFlaminis*,
　480 F.3d 259 (3d Cir. 2007) ...................................................................13

*Lindsey v. O'Connor*,
　327 F. App'x. 319 (3d Cir. 2009) ...........................................................11

*Mack v. Warden Loretto FCI*,
　839 F.3d 286 (3d Cir. 2016) ...................................................................12

*Mayer v. Belichick*,
　605 F.3d 223 (3d Cir. 2010) .....................................................................6

*Mitchell v. Dodrill*,
　696 F. Supp. 2d 454 (M.D. Pa. 2010) ....................................................11

*Oliver v. Roquet*,
　858 F.3d 180 (3d Cir. 2017) .....................................................................7

*Padilla v. Beard*,
　206 F. App'x 123 (3d Cir. 2006) ............................................................11

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
　998 F.2d 1192 (3d Cir. 1993) ...................................................................7

*Porter v. Nussle*,
　534 U.S. 516 (2002) ................................................................................15

*Prater v. Dep't of Corr.*,
　76 F.4th 184 (3d Cir. 2023) ....................................................................16

*Rizzo v. Goode*,
　423 U.S. 362 (1976) ..................................................................................9

*Robinson v. Wheary*,
　No. 1:16-CV-02222, 2017 WL 2152365 (M.D. Pa. May 17, 2017) ........8

*Rode v. Dellarciprete*,
　845 F.2d 1195 (3d Cir. 1988) ...............................................................8, 9

*Ross v. Blake*,
　578 U.S. 632 (2016) ................................................................................15

*Thaddeus-X v. Blatter*,
 175 F.3d 378 (6th Cir. 1999) .........................................................................12, 13
*Victor v. Huber*,
 No. 3:12-CV-282, 2012 WL 2564892 (M.D. Pa. Feb. 28, 2012)............................14
*Vorchheimer v. Philadelphian Owners Ass'n*,
 903 F.3d 100 (3d Cir. 2018) ...................................................................................6
*Washington v. Rozich*,
 734 Fed. App'x 798 (3d Cir. 2018) .......................................................................10
*Watson v. Rozum*,
 834 F.3d 417 (3d Cir. 2016) .........................................................................12, 13, 14
*Wharton v. Danberg*,
 854 F.3d 234 (3d Cir. 2017) .............................................................................1, 2, 4
*Will v. Michigan Dep't of State Police*,
 491 U.S. 58 (1989).................................................................................................8
*Woodford v. Ngo*,
 548 U.S. 81 (2006)...............................................................................................15

Statutes

42 U.S.C. § 1997e(a).....................................................................................................15

Rules

Federal Rule of Civil Procedure 8..........................................................................5, 7
Federal Rule of Civil Procedure 12 .......................................................................5, 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD J. KAROLSKI,** | : | **No. 1:23-CV-01960** |
| **Plaintiff** | : | |
| | : | **Judge Conner** |
| **v.** | : | |
| | : | |
| **UNIT MANAGER RITCHIE, C.O.** | : | **Electronically Filed Document** |
| **GRIGAS, C.O. GELSINGER, C.O.** | : | *Complaint Filed 11/28/23* |
| **SHIFFER** *and* **SGT. SWARIGIN,** | : | |
| **Defendants** | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Clifford Karolski, pro se prisoner Plaintiff, brings this Section 1983 action asserting retaliation, unfit conditions of confinement, and due process violations.[1] Plaintiff attempts to weave a narrative of harassment by splicing together portions of grievances out of order to create claims against the Defendants. This narrative is contrary to Plaintiff's own statements in those grievances. Defendants attach complete copies of the grievances relied upon by Plaintiff. These complete grievances demonstrate that Plaintiff has failed to state a claim against Defendants. Further,

---

[1] Plaintiff raises a Fourteenth Amendment due process claim in his Amended Complaint. (Doc. 7 ¶ 18.) There are no pleadings to suggest an independent procedural or substantive due process claim in this case. It would appear that Plaintiff's due process claim should be governed by the more-specific-provision rule, and subsumed into his First and Eighth Amendment claims. *Wharton v. Danberg*, 854 F.3d 234, 246 (3d Cir. 2017) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

Plaintiff did not appeal any of these grievances, and thus, he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Accordingly, the Amended Complaint must be dismissed with prejudice and this matter terminated.

## PROCEDURAL HISTORY

Following screening of the original Complaint, this case is proceeding on Plaintiff's Amended Complaint. (Doc. 7.)

## STATEMENT OF ALLEGATIONS

Plaintiff alleges that on February 17, 2022, Unit Manager Ritchie came to Plaintiff's cell and told him that he would not receive commissary or meal trays while at SCI-Camp Hill because he was a "[expletive] baby toucher." (Doc. 7 ¶ 11.) Plaintiff alleges that he grieved this incident and attached a portion of Grievance 969263 to the Amended Complaint. (Doc. 7 ¶ 11, Doc. 7-1 at 1.) In Grievance 969263, Plaintiff complained that he did not receive commissary for that week and that he is still waiting on a bag of commissary from January of 2022. (Ex. A at 2.) In that grievance, Plaintiff did not assert that Ritchie, or anyone else, harassed him because of his offense or told him that he would not receive food or commissary due to his offense. (*Id.*)

Plaintiff alleges that on February 26, 2022, Shiffer passed his cell without providing him toiletries and told Plaintiff it was because Plaintiff "shouldn't have filed a PREA allegation against [Shiffer]." (Doc. 7 ¶ 14.) Plaintiff attached portions of

Grievances 970296 and 972278. (Doc. 7-1 at 8-9.) In Grievance 970296, Plaintiff complained that Shiffer did not provide him toiletry supplies and instead passed by his cell without looking at him on February 26, 2022. (Ex. B at 2.) In response to this Grievance, it was explained that Shiffer passed over Plaintiff in order to maintain minimal contact during the PREA investigation, and noted that Plaintiff received toiletries from another officer. (*Id.* at 1.) In Grievance 972278, Plaintiff complained that Shiffer skipped him for a single phone call on March 6, 2022. (Ex. C at 2.)

Plaintiff alleges that on February 27, 2022, Gelsinger denied him hygiene products, and Plaintiff attached portions of Grievances 962843 and 970268. (Doc. 7 ¶ 13; Doc. 7-1 at 6-7.) Plaintiff also alleges on the same date, Gelsinger and Grigas refused to feed plaintiff and told him if they ever saw him outside the prison they "would blow his [expletive] child molesting head off" for filing PREA allegations against him. (Doc. 7 ¶ 13.) Plaintiff attached a portion of Grievance 962843 related to this incident. (Doc. 7-1 at 5.)

In Grievance 962843, Plaintiff complained that on January 7, 2022, Defendant Gelsinger threatened "to shoot [him] in the forehead." (Ex. D at 5.) This grievance was referred for an allegation of abuse investigation, which found these allegations to be unsubstantiated. (*Id.* at 1.) In Grievance 970268, Plaintiff complained that on February 27, 2022, Gelsinger refused to provide him a razor to shave. (Ex. E at 2.) Other than involving Gelsinger, these two grievances are unrelated. Grigas is not mentioned in

either grievance, and there is no mention of a denial of meals, as Plaintiff avers in the Amended Complaint.

Plaintiff alleges that on March 2, 2022, Defendant Grigas passed him over for meals on second shift three days in a row. (Doc. 7 ¶ 12.) Plaintiff alleges that on this date Defendant Grigas told him he would not eat because he was a pedophile. (*Id.*) Plaintiff attached a portion of Grievance 970289 relating to this incident. (Doc. 7-1 at 4.) In Grievance 970289, Plaintiff complained that on March 2, 2022, Grigas denied him a dinner tray for the third day in a row, and Grigas told him it was because he was a child molester. (Ex. F at 2.)

Plaintiff alleges that on March 3, 2022, Defendant Swarigin shut off the phones while Plaintiff was on a call with his family. (Doc. 7 ¶ 15.) Plaintiff attached a portion of Grievance 971279 relating to this incident. (Doc. 7-1 at 12.)  In Grievance 971279, Plaintiff complains that on March 3, 2022, the phone cut off two minutes into his call with his father. (Ex. G at 2.) Plaintiff explained that he got Defendant Swarigin to help him reconnect, but then his call cut off again after about two minutes. (*Id.*) Plaintiff believes Grigas was at the security bubble and presumably he interfered with these calls. (*Id.*)

Plaintiff's Grievance History shows that he did not appeal any of these grievances beyond the initial response stage. (Ex. H at 6.) The Amended Complaint contains no factual averments relating to Defendant Harry.

4

## QUESTIONS PRESENTED

1. Must the Amended Complaint be dismissed, because Plaintiff's allegations are directly contradicted by the Grievances that he relies on?

2. Must the Amended Complaint be dismissed, because Plaintiff failed to exhaust his administrative remedies as required by the PLRA?

Suggested Answer to All: Yes.

## ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, "the court must accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Good v. Borough of Steelton*, 2008 WL 4454058, *3 (M.D. Pa. Sept. 30, 2008) (citing *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)). However, a court is not required to give credit to legal conclusions or bald assertions contained in the complaint. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Rule 8 provides, in pertinent part, that a "pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Rule 8 requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule

8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp., et al v. Twombly,* 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

It is insufficient for a complaint to "tender[] naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).  Additionally, "[i]t is not . . . proper to assume that [a plaintiff] can prove facts it has not alleged[.]" *Associated General Contractors of California v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In deciding a Rule 12(b)(6) motion, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Such documents are not "outside the pleadings," and if those documents contradict allegations in the complaint, the documents control. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) (citing Fed. R. Civ. P. 12(d)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. **The Amended Complaint must be dismissed because it fails to state a claim against Defendants.**

Plaintiff's allegations in the Amended Complaint are directly contradicted by his prior statements in the grievances. *See, e.g., Oliver v. Roquet*, 858 F.3d 180, 195 (3d Cir. 2017) (noting that bare allegations in a compliant were "overwhelmingly contradict[ed]" by a report which formed the basis of plaintiff's retaliation claim). The grievances form the basis of Plaintiff's claims as he weaves them together into a false narrative of harassment and retaliation for his conviction. There is no dispute that these grievances are authentic. Therefore, the grievances control over Plaintiff's allegations in the Amended Complaint.

### 1. **Personal Involvement**

Initially, Plaintiff's claims against Harry, Ritchie and Swarigin fail for lack of personal involvement. The Amended Complaint lacks any assertions against Defendant Harry. Besides being named in the caption and identified in the body of the complaint as a defendant, the Complaint is devoid of any factual allegations against her. This is insufficient to state a cause of action under the minimal standard of Federal Rule of Civil Procedure 8(a). *Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007); *see also Ansley v. Wetzel*, No. 1:21-CV-528, 2022 WL 2987896, at *3

(M.D. Pa. July 28, 2022) ("The allegations of the supplemental complaint are devoid of any factual averments that identify how [defendants] engaged in misconduct, or how these two defendants were involved in the alleged wrongdoing."); *Robinson v. Wheary*, No. 1:16-CV-02222, 2017 WL 2152365, at *2 (M.D. Pa. May 17, 2017) ("[A complaint] must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the Court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.").

Given the lack of factual averments, the Defendants can only speculate that Plaintiff seeks to hold her liable under Section 1983 based on a theory of *respondeat superior*. However, Section 1983 claimants cannot rely *respondeat superior* to establish liability. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In order to bring a Section 1983 claim, the plaintiff must establish that (1) the conduct complained of deprived him of rights, privileges, and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person acting under color of state law. *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). The Commonwealth, its agencies, and its officials acting in their official capacities are not "persons" under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Every defendant against whom suit is brought must be shown to have been involved in the complained of conduct. *Rizzo v. Goode*, 423 U.S. 362, 363 (1976). Personal involvement may be shown by actual participation in misconduct, knowledge of and acquiescence in the misconduct, or circumstances in which inaction sends a message of approval of the misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3d Cir. 1986). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Further, "[a]lleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement." *Lanza v. Moclock*, 2020 WL 4574495, at *5 (M.D. Pa. Aug. 7, 2020) (citing *Rode*, 845 F.2d at 1208).

Since Plaintiff's statements in his grievances control over the allegations of the Amended Complaint, Plaintiff has failed to demonstrate the personal involvement of Ritchie and Swarigin. Nowhere in Plaintiff's grievances does he allege that Unit Manager Ritchie denied him commissary, meals, or any of his other privileges. Nor does he allege in his grievances that Ritchie harassed him due to his conviction. At most it appears that Plaintiff believes Ritchie is liable as the unit manager and supervisor of the other Defendants, which is legally insufficient to demonstrate personal involvement.

With respect to Swarigin, Plaintiff alleges that he helped him restore his phone call, rather than interfere with it. Swarigin does not become personally involved in another prison official's misconduct because he reasonably responded but was unable to prevent he alleged harm. *C.f. Bistrian v. Levi*, 696 F.3d 352, 367-68 (3d Cir. 2012) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

The Amended Complaint contains no factual allegations against Harry, and the allegations against Ritichie and Swarigin are directly contradicted by the relied upon grievances. Plaintiff has failed to demonstrate their personal involvement and they must be dismissed from this matter.

## 2. Conditions of Confinement

Plaintiff asserts that he was verbally harassed and denied meals, hygiene products, and other privileges on a few isolated occasions. None of these allegations rise to an Eighth Amendment violation of his conditions of confinement.

"Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment." *Washington v. Rozich*, 734 Fed. App'x 798, 801 (3d Cir. 2018) (per curiam). Deprivation of a few meals does not rise to the level of a constitutional violation. *Ball v. Struthers*, 2012 WL 2946785 at *13 (M.D. Pa. 2012). Only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment

claim.  *Lindsey v. O'Connor*, 327 F. App'x. 319, 321 (3d Cir. 2009). Similarly, the denial of hygiene products on a few isolated occasions does not amount to an Eighth Amendment violation. *Jones v. Wetzel*, 737 F. App'x 61, 64 (3d Cir. 2018). Further the denial of a few prison phone calls does not violate the Eighth Amendment. *C.f. Padilla v. Beard*, 206 F. App'x 123, 125 (3d Cir. 2006), *as amended* (Jan. 25, 2007) (describing phone calls as a privilege not sufficient to implicate the Eighth Amendment). The same is true of commissary. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 468 (M.D. Pa. 2010).

Here, Plaintiff asserts that Defendant Shiffer denied him toiletries on one occasion then about a month later denied him one phone call. Defendant Gelsinger purportedly threatened Plaintiff if he ever saw him out of prison, and then—nearly two months later—denied him a razor on one occasion.  Last, Plaintiff asserts that Grigas denied him dinner once after he was skipped by other unidentified staff on prior occasions, and Plaintiff he believes Grigas interfered with his phone call on one occasion. None of these minor inconveniences for the span of a few months amounts to an Eighth Amendment violation.

### 3. <u>Retaliation</u>

Plaintiff appear to assert that all the actions by Defendants were taken in retaliation. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action taken by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link

between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016).

### a. Protected Conduct

Filing an inmate grievance or PREA report is constitutionally protected conduct. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). However a prisoner's conviction is not protected conduct. From the Amended Complaint it appears that the majority of the "retaliation" Plaintiff complains of occurred because of his status as a child sex offender. A sex offense is not constitutionally protected conduct. As alleged in the Amended Complaint and Grievances, only Defendant Shiffer had a PREA complaint filed against him. Plainitff's retaliation claims against the remaining Defendants are generically and conclusory asserted. It would appear that Plaintiff is setting the cart before the horse, as he asserts that he is grieving past events as "retaliation" for the grievances he is currently filing. Simply put Plaintiff claims against all Defendants except for Shiffer fail for want of protected conduct.

### b. Adverse Action

An adverse action must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Mack*, 839 F.3d at 297. This is an objective inquiry, so the peculiarities of a plaintiff's subjective state of mind are not relevant. *Bistrian*, 696 F.3d at 376. However, adverse actions against a prisoner should be considered in the context in which they arise. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir.

1999) ("Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse."). Thus, it is well-settled that *de minimis* actions are not sufficient to deter a person of ordinary firmness from exercising a constitutional right. *Id.*; *see also Watson*, 834 F.3d at 423 (noting an adverse action must be "more than *de minimis*"). "Normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69 (2006).

As discussed, the isolated denial of privileges is not protected by the Eighth Amendment. Those denials are similarly *de minimis* actions under the adverse action prong. While Plaintiff may have been inconvenienced at times by these sporadic denials over the course of a few months, they are insufficient to deter a person of ordinary firmness from exercising their rights.

### c. Causal Connection

"To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Under the first prong, "temporal proximity [is] measured in days, rather than weeks or months." *Conklin v. Warrington Tp.*, No. 06–2245, 2009 WL 1227950,

*3 (M.D. Pa. April 30, 2009); *see also Victor v. Huber*, No. 3:12-CV-282, 2012 WL 2564892, at *9 (M.D. Pa. Feb. 28, 2012) (collecting cases). Under the second prong, "the appropriate test is 'timing plus other evidence,'" of a retaliatory motive. *Watson*, 834 F.3d at 424 (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

Although Plaintiff attempts to weave his grievances together into a narrative of continued harassment, Plaintiff cannot demonstrate causation under either prong. As discussed with respect to protected conduct, Plaintiff appears to premise the retaliation on vague and generalized grievances. It is unclear who was involved, when it was grieved, or what conduct was at issue to spur this alleged retaliation by Defendants. Additionally, it is unclear as to when and what conduct involved Plaintiff's PREA report against Defendant Shiffer. This lack of well pled facts is fatal to Plaintiff's retaliation claims, as Defendants have no notice of the grievances and PREA reports Plaintiff's claims rest.

## C. <u>Exhaustion of Administrative Remedies</u>[2]

---

[2] Defendants believe that because Plaintiff partially attached his grievances to the Amended Complaint and relied on them to support his claim, that they may be used by this Court without converting the Motion to Dismiss into a Motion for Summary Judgment. However, if this Court determines that summary judgment is more appropriate, Defendants are open to supplementing this filing as required by the Court. Additionally, if this Court determines that there remain questions of fact regarding Plaintiff's exhaustion of his grievances, Defendants respectfully request this Court to schedule a hearing or bench trial on the issue of exhaustion.

Plaintiff's claims are barred by the PLRA because Plaintiff failed to exhaust his administrative remedies, as afforded to him by the Department of Corrections. Due to Plaintiff's failure to exhaust his administrative remedies, he is barred from asserting those allegations in this Court. Accordingly, this matter must be dismissed with prejudice.

The PLRA unequivocally provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (holding that the PLRA's exhaustion requirement is mandatory). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) of the PLRA applies to all actions regarding prisons conditions, including Section 1983 actions and actions brought pursuant to any other federal law. "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* Accordingly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The DOC's inmate grievance procedures are set forth in Administrative Directive 804 (ADM 804), titled Inmate Grievance System.[3]  Pursuant to the ADM 804, the Department has a three-tiered grievance system which serves as an inmate's administrative remedy:  (1) an initial review by a Grievance Officer; (2) an appeal to the Facility Manager or designee; and (3) an appeal to the SOIGA for final review. ADM 804 §§ 1-2. The Third Circuit has concluded "that ADM 804 is the exclusive means of exhaustion." *Prater v. Dep't of Corr.*, 76 F.4th 184, 204 (3d Cir. 2023). Accordingly, inmate must "follow the full administrative review process under ADM 804 . . . to properly exhaust their claims under the PLRA." *Id.*

In the instant case, Plaintiff failed to exhaust his administrative remedies.  A review of Plaintiff's grievance history shows that none of the grievances relating to this action were brought to final review through the ADM 804 process. Plaintiff did not pursue his grievances beyond the initial response phase. Accordingly, Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

## CONCLUSION

For the foregoing reasons, the Amended Complaint must be dismissed. Since Plaintiff's own statements in his grievances directly contradict his allegations in the Amended Complaint and Plaintiff failed to exhaust his administrative remedies, this

---

[3] The ADM 804 is publically available at the Department of Corrections website: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf.

dismissal must be with prejudice. Additionally, this dismissal must be deemed a strike against Plaintiff for the purposes of the PLRA.

                                   **Respectfully submitted,**

                                   **MICHELLE A. HENRY**
                                   **Attorney General**


                         **By:**   s/ *Francis H. Pryzbylkowski*
                                   **FRANCIS H. PRYZBYLKOWSKI**
**Office of Attorney General**     **Deputy Attorney General**
**15ᵗʰ Floor, Strawberry Square**  **Attorney ID #329644**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**          **NICOLE R. DITOMO**
                                   **Chief Deputy Attorney General**
**fpryzbylkowski@attorneygeneral.gov**  **Civil Litigation Section**

**Date:   April 22, 2024**         ***Counsel for Defendants***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD J. KAROLSKI,** | : | **No. 1:23-CV-01960** |
| **Plaintiff** | : | |
| | : | **Judge Conner** |
| **v.** | : | |
| | : | |
| **UNIT MANAGER RITCHIE, C.O.** | : | **Electronically Filed Document** |
| **GRIGAS, C.O. GELSINGER, C.O.** | : | *Complaint Filed 11/28/23* |
| **SHIFFER** *and* **SGT. SWARIGIN,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF COMPLIANCE

I, Francis Pryzbylkowski, Deputy Attorney General, hereby certify that the foregoing Brief complies with the Content and Length requirements described in L.R. 7.8, and further certify, through reliance upon the word count feature of the software used to prepare this brief, that it is comprised of 17 pages and 3858 words.

By:   *s/ Francis H. Pryzbylkowski*
      **FRANCIS H. PRYZBYLKOWSKI**
      **Deputy Attorney General**
**Office of Attorney General**      **Attorney ID #329644**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**

**fpryzbylkowski@attorneygeneral.gov**

**Date:   April 22, 2024**

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD J. KAROLSKI,** | : | **No. 1:23-CV-01960** |
| **Plaintiff** | : | |
| | : | **Judge Conner** |
| **v.** | : | |
| | : | |
| **UNIT MANAGER RITCHIE, C.O.** | : | **Electronically Filed Document** |
| **GRIGAS, C.O. GELSINGER, C.O.** | : | *Complaint Filed 11/28/23* |
| **SHIFFER** *and* **SGT. SWARIGIN,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Francis H. Pryzbylkowski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 23, 2024, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss to the following:

### VIA U.S. MAIL

**Smart Communications/PADOC**
**Clifford J. Karolski, MQ-0691**
**SCI Forest**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

    *s/ Francis H. Pryzbylkowski*
**Francis H. Pryzbylkowski**
Deputy Attorney General