IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFFORD J. KAROLSKI**, | : CIVIL ACTION NO. 1:23-CV-1960 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **UNIT MANAGER RITCHIE**, *et al.*, | : |
| | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Clifford J. Karolski, alleges that defendants committed cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment by withholding several meals and other items from him. Defendants have moved to dismiss. The motion will be granted.

**I.   Factual Background & Procedural History**

Karolski is currently incarcerated in Forest State Correctional Institution ("SCI-Forest") but was incarcerated at Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times. He filed this case on November 28, 2023. (Doc. 1). On December 11, 2023, we dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and granted Karolski leave to file an amended complaint. (Docs. 5-6). Karolski timely filed an amended complaint on January 3, 2024. (Doc. 7).

According to the amended complaint, Karolski was in his cell on February 17, 2022, when the unit manager of his housing unit, defendant Ritchie, entered the unit to distribute commissary purchases. (Id. ¶ 11). When he reached Karolski's cell, Ritchie purportedly told him that he was an "'expletive' baby toucher,"[1] and that the prison "doesn't tolerate [his] kind." (Id.) Ritchie allegedly told Karolski that he would not get the commissary items he had ordered and that he would be lucky to receive any meal trays or commissary items as long as he remained in SCI-Camp Hill. (Id.) Karolski filed a grievance complaining about this incident. (Id.)

On February 26, 2022, defendant Shiffer allegedly refused to deliver toiletries to Karolski's cell and stated that Karolski should not have filed a complaint against him and that he should not have even been around Karolski. (Id. ¶ 14).

On February 27, 2022, defendants Gelsinger and Grigas, who were both correctional officers in the prison, purportedly denied Karolski food and "proper grooming material" that were needed to maintain his hygiene. (Id. ¶ 13). Grigas allegedly told Karolski that as long as they were both working at SCI-Camp Hill, Karolski would not get "a 'expletive' thing" and that if they ever "caught" him outside of the prison they would "blow his 'expletive' child molesting head off for filing" complaint against them. (Id.)

---

[1] The amended complaint censors several words that defendants purportedly said to Karolski by replacing them with "expletive." The court will write the words as they appear in the amended complaint. All uses of the word "expletive" are taken directly from the complaint and are not alterations made by the court.

2

Shortly thereafter, Grigas purportedly refused to deliver meals to Karolski on three consecutive days. (Id. ¶ 12). On the third day, March 2, 2022, Grigas allegedly told Karolski, "you don't eat you 'expletive' pedophile" and "you should [have] worried about eating on the streets before touching children." (Id.) On March 3, 2022, defendant Swarigin, a sergeant in the prison, purportedly "shut the phone off" while Karolski was in the middle of a call. (Id. ¶ 15). The complaint alleges that this action was motivated by "evil intent and retaliation." (Id.)

The amended complaint names as defendants Ritchie, Grigas, Gelsinger, Shiffer, Swarigin, and Laurel Harry, the superintendent of SCI-Camp Hill at the relevant time. (Id. ¶¶ 4-9). The complaint asserts claims for retaliation in violation of the First Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and violation of Karolski's Fourteenth Amendment right to due process. (Id. ¶ 18). Karolski seeks compensatory damages, punitive damages, injunctive relief, and declaratory relief. (Id. ¶¶ 20-23).

Defendants moved to dismiss the amended complaint on April 8, 2024, and filed a brief in support of the motion on April 22, 2024. (Docs. 13-14). The court granted Karolski an extension of time until July 31, 2024, to respond to the motion. (Doc. 17). That deadline passed, and Karolski neither responded to the motion nor requested an additional extension of time to do so. The motion to dismiss is accordingly ripe for review and deemed unopposed pursuant to Local Rule 7.6.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim

for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Karolski brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants seek to dismiss the amended complaint because it fails to state cruel and unusual punishment or retaliation claims, because Karolski's due process claim is duplicative of his other claims, because he fails to allege defendants' personal involvement, and because he failed to exhaust administrative remedies.

At the outset, we will analyze defendants' argument that Karolski's due process claim should be dismissed because it is duplicative of his other claims. (Doc. 14 at 1 n.1). Defendants are correct. It appears from Karolski's amended complaint that his due process claim is coextensive with his First and Eighth Amendment claims. (Doc. 7 at 6 ("The constant harassment and retaliation caused deliberate indifference and unsafe conditions to the plaintiff by the defendants violated Mr. Karolski's rights and constituted a due process violation which resulted in cruel and unusual und[er] the (8) eighth and (14) fourteenth amendment to the United States Constitution."). "Under the more-specific-provision rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Porter v. Pa. Dep't of Corrs., 974 F.3d 431, 447 (3d Cir. 2020) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)). The Fourteenth Amendment claim will accordingly be dismissed under the more specific provision rule. We will also dismiss the claim to the extent it asserts an independent claim for violation of Karolski's right to due process because there are no factual allegations supporting such a claim in the amended complaint.

We will also dismiss all claims against defendant Harry for failure to allege personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v.

6

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence.  Id.  Karolski's amended complaint does not contain any factual allegations against Harry and instead appears to assert claims against her solely based on her supervisory role as superintendent of SCI-Camp Hill, which is not a sufficient basis to allege personal involvement.  Id.

Finally, we agree that the amended complaint fails to state retaliation or cruel and unusual punishment claims upon which relief may be granted.  Claims that a defendant has retaliated against a plaintiff in violation of the First Amendment require allegations that: (1) the plaintiff engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing.  Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).  Causation may also be implied by "the record as a whole."  Id. (citing DeFlaminis, 480 F.3d at 267).

We liberally construe Karolski's Eighth Amendment claim as alleging that defendants were deliberately indifferent to a risk of harm to Karolski when they withheld meals and hygiene products from him.  To properly allege such a claim, a

7

plaintiff must allege that: (1) the conditions of his confinement "deprived him of life's minimum necessities"; (2) "the deprivation was sufficiently serious"; and (3) the defendant "acted with deliberate indifference in subjecting him to that deprivation." Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010). "[T]he Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Therefore, conditions of imprisonment violate the Eighth Amendment only if they, "alone or in combination . . . deprive inmates of the minimal civilized measures of life's necessities." Id. at 347. Such necessities include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 372 (3d Cir. 2019).

      The amended complaint alleges several actions by defendants that purportedly constitute cruel and unusual punishment and retaliation, but the amended complaint notably fails to allege that the defendants were acting in concert with each other when they took these actions or had an agreement with each other to do so. Thus, because there is no basis to infer defendants' personal involvement in any of the actions that they did not directly participate in, each defendant's allegedly wrongful actions must be analyzed separately from the others to determine whether they violated Karolski's rights.

It is clear when the allegedly wrongful actions are properly viewed in isolation from each other that they fail to state claims for violation of the First or Eighth Amendments. The amended complaint alleges that: (1) defendant Ritchie withheld one meal from Karolski and verbally threatened him on one occasion; (2) defendant Shiffer withheld toiletries from Karolski on one occasion; (3) that over a four-day period defendants Gelsinger and Grigas denied Karolski four meals, denied him one delivery of "grooming material," and threatened him once; and (4) that defendant Swarigin terminated Karolski's phone call on one occasion. (Doc. ¶¶ 11-15). These isolated instances of withholding meals or hygiene products, making verbal threats, and terminating phone calls are not sufficient to allege violations of the Eighth Amendment. See, e.g., Washington v. Rozich, 734 F. App'x 798, 801 (3d Cir. 2018) (nonprecedential);[2] (noting that verbal threats and harassment and occasional withholding of meals do not violate the Eighth Amendment); Robinson v. Danberg, 673 F. App'x 205, 212-13 (3d Cir. 2016) (nonprecedential) (noting that de minimis deprivations do not violate the Eighth Amendment).

Similarly, none of the alleged action are sufficiently adverse to support a retaliation claim upon which relief may be granted. See, e.g., Chruby v. Kowaleski, 534 F. App'x 156, 161 (3d Cir. 2013) (nonprecedential) (affirming district court's conclusion that isolated verbal threats were not sufficiently adverse action to support retaliation claim); accord Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir.

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

9

2012) (nonprecedential); Coit v. Luther, No. 1:19-CV-2036, 2021 WL 5792697, at *10 (M.D. Pa. Dec. 7, 2021) (holding that occasional withholding of meals is not sufficiently adverse action to support retaliation claim); Daughtry v. Kauffman, No. 3:17-CV-442, 2021 WL 4502256, at *13 (M.D. Pa. Sept. 30, 2021) (holding that denial of two meals and denial of razor were de minimis actions that did not give rise to retaliation claim). Hence, we will dismiss Karolski's amended complaint for failure to state a claim upon which relief may be granted because his Fourteenth Amendment claims are coextensive with his First and Eighth Amendment claims, because he fails to allege the personal involvement of defendant Harry, and because he fails to state First or Eighth Amendment claims.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny leave to amend as futile. Karolski has had multiple opportunities to state a claim and has failed to do so.

## IV. Conclusion

We will grant the motion to dismiss, dismiss the amended complaint without further leave to amend, and close this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: December 17, 2024